**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., Plaintiff, v. PREM CENTRALIA, LLC, *et al.*, Defendants. | ) | Civil Action No. 26-cv-01270-LKG<br><br>Dated: October 7, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the Plaintiff, Choice Hotels International, Inc. ("Choice Hotels"), seeks to confirm an arbitration award entered against the Defendants, Prem Centralia, LLC ("Prem Centralia") and Sonny Parmar, in connection with a certain franchise agreement, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9 and 13. *See generally* ECF No. 1. The Plaintiff has moved for a default judgment against the Defendants, pursuant to Fed. R. Civ. P. 55. ECF No. 9. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Plaintiff's motion for default judgment (ECF No. 9); (2) **CONFIRMS** the arbitration award; and (3) **ENTERS** a **DEFAULT JUDGMENT** against the Defendants in the amount of **$359,805.31**, plus post-judgment interest until paid, and for costs in the amount of **$405.00**.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, Choice Hotels seeks to confirm an arbitration award that has been entered against the Defendants in connection with a certain franchise agreement regarding the

[1] The facts recited in this Memorandum Opinion are taken from the complaint and the Plaintiff's motion for default judgment. ECF Nos. 1, 1-1, 1-2 and 9.

operation of a hotel located in Centralia, Washington (the "Franchise Agreement"), pursuant to the FAA. *See generally* ECF Nos. 1 and 1-2. As relief, Choice Hotels seeks an order entering judgment in its favor and against the Defendants in the amount of $359,805.31, plus post-judgment interest until paid and $405.00 in costs. ECF No. 1 at 6.

<u>The Parties</u>

Plaintiff Choice Hotels International, Inc. is incorporated in Delaware with its principal place of business located in North Bethesda, Maryland. *Id.* at ¶ 1.

Defendant Prem Centralia, LLC is a limited liability company organized under Washington law with its principal place of business located in Centralia, Washington. *Id.* at ¶ 2.

Defendant Sonny Parmar is a resident of Washington. *Id.* at ¶ 3.

<u>The Franchise Agreement</u>

As background, on or about March 25, 2021, Choice Hotels and Defendant Prem Centralia entered into the Franchise Agreement to allow Prem Centralia to operate a hotel in Centralia, Washington (the "Hotel"), utilizing Choice Hotels' Quality Inn® trade and brand names, marks and system. *Id.* at ¶ 4. As a part of this transaction, Defendant Sonny Parmar individually executed a guaranty agreement, pursuant to which he personally guaranteed Defendant Prem Centralia's performance under the Franchise Agreement. *Id.* at ¶ 5.

Relevant to this dispute, the Franchise Agreement contains an arbitration provision, which provides, in relevant part, that:

> … any controversy or claim arising out of or relating to this Agreement ..., or the breach of this Agreement…will be sent to final and binding arbitration in the state of Maryland before…the American Arbitration Association…in accordance with the Commercial Arbitration Rules of the American Arbitration Association…The arbitrator will apply the substantive laws of Maryland…. Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland.

ECF No. 1-1 at § 21. During the term of the Franchise Agreement, the Defendants ceased operating the Hotel under the Quality Inn® brand marks, in violation of the terms of the Franchise Agreement. ECF No. 1 at ¶ 6. And so, Choice Hotels terminated the Franchise

Agreement on April 29, 2024, and demanded the immediate payment of contractually specified fees, interest and liquidated damages. *Id.* at ¶ 7.

The Arbitration And Arbitration Award

On September 17, 2024, Choice Hotels initiated arbitration proceedings, pursuant to the arbitration clause of the Franchise Agreement. *Id.* at ¶ 8. Choice Hotels alleges in the complaint that this arbitration proceeding was conducted in accordance with the arbitration clause, the Commercial Rules of the American Arbitration Association ("AAA") and Maryland law. *Id.* at ¶ 9. The Defendants failed to appear or participate in the arbitration proceedings. *Id.* at ¶ 10. And so, due to Defendants' non-responsiveness, the arbitrator allowed for the presentation of evidence by alternative means pursuant to Commercial Arbitration Rule 32(c) and the facts of the case were presented to the arbitrator and supporting documentation as well as an affidavit were submitted into evidence. *Id.* at ¶ 11.

On May 14, 2025, the arbitrator issued an *ex parte* award in favor of Choice Hotels. *Id.* at ¶ 12. Specifically, the arbitrator found that the Defendants had breached the Franchise Agreement, because the Defendants ceased operating the Hotel under the Quality Inn® brand marks. *Id.* at ¶ 13. And so, the arbitrator made an award in the amount of $359,805.31, in favor of Choice Hotels and against the Defendants individually, jointly and severally. *Id.*; ECF No. 1-2.

On March 31, 2026, Choice Hotels filed an application to confirm the arbitration award. ECF No. 1.

**B. Procedural Background**

The Plaintiff filed an application to confirm arbitration award on March 31, 2026. ECF No. 1. On June 29, 2026, the Plaintiff filed a motion for clerk's entry of default judgment, which the Clerk of the Court granted on June 30, 2026. ECF Nos. 8 and 11. On June 29, 2026, the Plaintiff also filed a motion for default judgment. ECF No. 9.

To date, the Defendants have neither responded to the application, nor to the Plaintiff's motion for default judgment. *See generally* Dkt.

The Court resolves the pending motion for default judgment.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 55

Federal Rule of Civil Procedure 55 governs default judgments, which may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Pursuant to Rul 55, the Court may enter a default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). And so, while courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Entry of default judgment is left to the sound discretion of the court. *See, e.g.*, *Choice Hotels International, Inc. v. Jai Shree Navdurga, LLC*, No. 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels International, Inc. v. Austin Area Hospitality, Inc.*, No. 15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015).

In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). In this regard, the Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

### B. Confirmation Of Arbitration Awards

Relevant to this case, where a plaintiff seeks default judgment based upon an arbitration award, the plaintiff "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels International, Inc. v. Jai Shree Navdurga, LLC*, No. 11-2893,

2012 WL 5995248, at *1 (D. Md. Nov. 29. 2012). In this regard, Section 9 of the FAA provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. The Fourth Circuit has also explained that:

> Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. *Jih v. Long & Foster Real Estate, Inc.,* 800 F. Supp. 312, 317 (D. Md. 1992). Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law. *In re A.H. Robins Co., Inc.*, 197 B.R. 513, 516 (E.D. Va. 1994).

*Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (internal footnotes omitted).

If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, the Court may only vacate an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a). The Court may also overturn a legal interpretation of an

arbitration panel if, "it is in manifest disregard for the law." *See, e.g.*, *Apex Plumbing*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of law."); *Upshur Coals Corp. v. United Mine Workers of America, Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991).

## IV. ANALYSIS

Choice Hotels has moved for entry of a default judgment against the Defendants upon the grounds that: (1) an arbitrator has entered an award in its favor against the Defendants for the sum of $359,805.31; (2) the Defendants were served with a summons and copy of the application to confirm the arbitration award on April 18, 2026; (3) its claims are a sum which by computation are made certain; and (4) the Defendants have failed to respond to the application, or to otherwise defend, this case. ECF No. 9. And so, Choice Hotels requests that the Court enter a default judgment against the Defendants in the amount of the arbitration award ($359,805.31), plus post-judgment interest until paid, and $405.00 in costs. *Id.* at 2.

For the reasons that follow, Choice Hotels has shown that it is entitled to a default judgment against the Defendants. And so, the Court: (1) GRANTS the Plaintiff's motion for default judgment (ECF No. 9); (2) CONFIRMS the arbitration award; and (3) ENTERS a DEFAULT JUDGMENT against the Defendants in the amount of **$359,805.31**, plus post-judgment interest until paid, and for costs in the amount of **$405.00**.

### A. Choice Hotels Has Shown That The Arbitration Award Should Be Confirmed

As an initial matter, the Court possesses subject-matter jurisdiction to consider this matter. There is complete diversity among the parties, because Choice Hotels is a citizen of Maryland and the Defendants are citizens of Washington. *See* ECF No. 1 at ¶¶ 1-3 and 15; ECF No. 1-2. The amount in controversy in this case also exceeds $75,000. ECF No. 1 at ¶ 15; ECF No. 1-2; *see also* 28 U.S.C. § 1332(a). And so, the exercise of subject-matter jurisdiction is appropriate.

Choice Hotels has also shown that the Court should confirm the arbitration award at issue. To obtain a default judgment based upon an arbitration award, Choice Hotels "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels International, Inc. v. Jai Shree Navdurga, LLC*, No. 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012). In this regard, Section 9 of the FAA provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Given this, the Court's review of an arbitrator's award is severely circumscribed. *Jih v. Long & Foster Real Estate, Inc.*, 800 F. Supp. 312, 317 (D. Md. 1992). And so, the Courts may vacate an arbitration award only upon very limited grounds. *In re A.H. Robins Co., Inc.*, 197 B.R. 513, 516 (E.D. Va. 1994).

In this case, Choice Hotels has shown that the parties entered into a valid Franchise Agreement that allowed Defendant Prem Centralia to operate a hotel utilizing Choice Hotels' Quality Inn® trade and brand names, marks and system. ECF No. 1 at ¶ 4. Choice Hotels has also shown that the Franchise Agreement contains a valid and enforceable arbitration clause, which provides, in relevant part, that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration in the state of Maryland," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." ECF No. 1 at ¶ 8; ECF No. 1-1.

Choice Hotels has similarly shown that it initiated arbitration proceedings, pursuant to the arbitration clause of the Franchise Agreement, on September 17, 2024, and that the arbitration proceeding was conducted in accordance with the arbitration clause, the Commercial Rules of the AAA and Maryland law. ECF No. 1 at ¶ 8. Lastly, Choice Hotels has shown that the arbitrator found that the Defendants breached the Franchise Agreement, because the Defendants ceased operating the Hotel under the Quality Inn® brand marks, and made an *ex parte* award in the amount of $359,805.31, in favor of Choice Hotels and against the Defendants individually, jointly and severally. *Id.* at ¶ 13; ECF No. 1-2.

The litigation history for this case also makes clear that Choice Hotels filed its application to confirm the award within one year of the arbitrator's decision, on March 31, 2026. *See* ECF No. 1-2 (arbitration award dated May 14, 2025); ECF No. 1 (filed March 31, 2026). In addition, the application makes clear that the arbitrator rendered his decision

in Maryland. ECF No. 1 at ¶ 16. The Court also observes that there has been no showing of any of the bases upon which the Court could vacate the arbitration award at issue in this case. 9 U.S.C. § 10(a); *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998); *Upshur Coals Corp. v. United Mine Workers of America, Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). And so, Choice Hotels has shown that the Court should affirm the arbitration award, pursuant to the FAA.

**B. A Default Judgment Is Warranted**

As a final matter, Choice Hotels has also shown that a default judgment is warranted for the amount awarded by the arbitrator. As discussed above, Choice Hotels timely commenced this matter on March 31, 2025. ECF No. 1. The Docket shows that the Defendants have been properly served with the application and summons. ECF No. 7. The Defendants neither responded to the application, nor otherwise defended this action. *See generally* Dkt. Given this, Choice Hotels moved for the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(a), on June 29, 2026, and the Clerk of the Court entered default against the Defendants on June 30, 2026. ECF Nos. 8 and 11.

Choice Hotels has also moved for a default judgment, pursuant to Fed. R. Civ. P. 55, and the Defendants have not responded to this motion. ECF No. 9. And so, to date, approximately six months have elapsed since the filing of the application, without any response from the Defendants.

Under such circumstances, the Court is satisfied that the "adversary process has been halted" in this case, because of "an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). And so, the Court will GRANT Choice Hotels' motion for a default judgment. Fed. R. Civ. P. 55.

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff's motion for default judgment (ECF No. 9);

(2) **CONFIRMS** the arbitration award; and

(3) **ENTERS** a **DEFAULT JUDGMENT** against the Defendants in the amount of **$359,805.31**, plus post-judgment interest until paid, and for costs in the amount of **$405.00**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge